## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

R. McLAUGHLIN, LTD.

VERSUS

BYNUM, GRACE & JOFFRION,
ET AL

CIVIL ACTION

NO. 08-66-FJP-CN

# **N O T I C E**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 19, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**R. McLAUGHLIN, LTD.**

**VERSUS**

**BYNUM, GRACE & JOFFRION, ET AL**

**CIVIL ACTION**

**NO. 08-66-FJP-CN**

## REPORT AND RECOMMENDATION

This action was removed to this Court on February 1, 2008. On February 8, 2008, an Order was issued setting a scheduling conference for June 12, 2008. On February 25, 2008, plaintiff's counsel filed a motion to withdraw as attorney of record and informed the Court that plaintiff was informed of all deadlines and court appearances. (Dkt. # 4). On March 5, 2008, the Court granted counsel's motion and further ordered that the Clerk of Court send all future notices to the last known address of plaintiff until such time as additional counsel is enrolled.[1]

On June 12, 2008, pro se plaintiff, R. McLaughlin, Ltd. or a representative from said company, failed to appear for the conference. Therefore, the Court issued an Order setting a show cause hearing for June 19, 2008, for pro se plaintiff to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the scheduling conference. Mr. McLaughlin or a representative of R. McLaughlin, Ltd., failed to appear for the show cause hearing when the case was called.

In accordance with Rule 16(f) and Rule 37 (b)(2)(C) of the Federal Rules of Civil Procedure, a civil action may be dismissed by the Court for failure to comply with the Orders

---

[1] The docket indicates that this Order was sent to the pro se plaintiff at the correct address and that it was never returned as undeliverable.

of the Court.  In the present case, pro se plaintiff failed to comply with two (2) orders of this Court, i.e., the Order of February 13, 2008, and the Order of June 12, 2008.

The failure of the plaintiff to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed.  Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial would be ineffective because in the absence of a plaintiff, there can be no such trial or hearing.  Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case.  John v. State of Louisiana, et al., 828 F.2d 1129 (5th Cir. 1987).

Further, on March 17, 2008, the Court granted defendant, Assurance Company of America's motion for summary judgment as a matter of law, which disposed of all remaining defendants.[2]   No opposition was filed by plaintiff.

Accordingly,

It is recommended that this matter be dismissed for failure to obey the Orders of the Court, in accordance with Rule 16(f) and Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, and as there are no viable defendants in this case.

Signed in chambers in Baton Rouge, Louisiana, June 19, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Defendant Assurance Company of America was improperly named Maryland Casualty Insurance.  See, Notice of Removal and Defendant's Motion for Summary Judgement.